IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC. | : | Case No. 1:14-cv-00979 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ORDER GRANTING RENEWED** |
| | : | **REQUEST FOR DEFAULT** |
| LEGO DEMOLITION, LLC, *et al.*, | : | **JUDGMENTS** |
| | : | |
| Defendants. | : | |

Before the Court is Plaintiff's Renewed Request for Default Judgments upon a Sum Certain pursuant to Federal Rule of Civil Procedure 55(b).  (Doc. 16.)  Defendants have not responded, and the time for doing so has passed.  For the reasons that follow, Plaintiff's Renewed Request will be GRANTED.

On June 19, 2015, the Clerk entered default against Defendants Lego Demolition, LLC ("Lego") and Mitch G. Stevenson.  (Doc. 12.)  Plaintiff CSX Transportation, Inc. ("CSX") waited nearly six months to file its initial Request for Default Judgments upon a Sum Certain pursuant to Federal Rule of Civil Procedure 55(b).  (Doc. 13.)  In an Order docketed on March 9, 2016, the Court determined that it had subject-matter and personal jurisdiction, and concluded that the facts alleged in the Complaint were sufficient to state the causes of action pled therein.  (*See* Doc. 14 at PageID 88–89.)  On the record before it, however, the Court was unable to establish damages with reasonable certainty.  (*Id.* at PageID 89–90.)  Accordingly, the Court denied CSX's initial Request without prejudice to renew, indicating that a default judgment could not be entered until CSX submitted a second declaration from an appropriate corporate representative, to which was attached documents that corroborated the damage award sought.

1

(*Id.* at PageID 90.)  At a minimum, the Court instructed CSX that the sales orders and unpaid invoices for both the Winchester and Hawthorne Projects should be presented for review.  (*Id.* at PageID 89.)

More than thirty days passed with no docket activity, prompting the Court to order CSX to renew its Request on or before April 25, 2016[1] or suffer the consequence of dismissal for want of prosecution.  (*See* Doc. 15.)

CSX timely filed its Renewed Request on April 25, 2016.  (*See* Doc. 16.)  Attached thereto was a second declaration from Edward Berlin, who is employed by CSX as its Manager of Accounts Receivable and Litigation.  (Doc. 16-1, Declaration at ¶ 1 (at PageID 97).)  Mr. Berlin authenticated and attached the bids submitted by Lego for both Projects, as well as CSX's corresponding sales orders and invoices.  (*Id.* at ¶ 4 (at PageID 97) & Exh. 1 (at PageID 99–106); ¶ 5 (at PageID 98) & Exh. 2 (at PageID 107–115).)  He also authenticated and attached the credit application that purports to be signed by Lego CEO and sole principal stockholder Charlie Stout, but which CSX has alleged actually was signed by Defendant Stevenson.  (*Id.* at ¶ 6 (at PageID 98) & Exh. 3 (at PageID 116–118).)[2]  These documents corroborate Mr. Berlin's testimony that Lego obtained credit from CSX and purchased $82,818.00 worth of scrap metal from CSX's facility in Winchester, Indiana and purchased $111,699.64 worth of scrap railcars from CSX in Hawthorne, Florida. (*See* Doc. 13-1 at ¶ 4 (at PageID 79) & Doc. 16-1 at ¶¶ 4, 5 (at PageID 97, 98).)  They confirm as well that each of the purchase agreements required payment from Lego within 30 days or CSX would be permitted to assess a 1% penalty.  (*See* Doc. 13-1 at ¶ 6 (at

---

[1] Alternatively, CSX was ordered to file a pleading indicating a date certain by which it would renew its Request, along with a satisfactory explanation for the delay.  (Doc. 15 at PageID 92.)

[2] (*See* Doc. 1 at ¶¶ 56, 57 (at PageID 7, 8).)  Because the Clerk has entered default, Defendants are deemed to have admitted the factual allegations in Plaintiff's Complaint, other than those relating to damages.  *See United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007); 10A Charles Alan Wright, Arthur M. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure § 2688 (3d ed. 1998).

PageID 80) & Doc. 16-1 at ¶ 7 (at PageID 98).)  These figures added together—combined with the penalties—yield a sum of $196,462.82.  (*See* Doc. 16-1 at ¶¶ 7–9 (at PageID 98).)

The Court is satisfied that the damages sought in CSX's Renewed Request are appropriate and recoverable.  Accordingly, Plaintiff's Renewed Request for Default Judgments upon a Sum Certain pursuant to Federal Rule of Civil Procedure 55(b) (Doc. 16) is **GRANTED**.  **DEFAULT JUDGMENTS** are hereby **ENTERED** in favor of Plaintiff CSX Transportation, Inc. and against Defendants Lego Demolition, LLC and Mitch G. Stevenson, jointly and severally, in the amount of **$196,462.82**.  In addition, **COSTS** in the amount of **$400.00** shall be taxed against Defendants Lego Demolition, LLC and Mitch G. Stevenson, for which they likewise are jointly and severally liable.

The Clerk is **DIRECTED** to serve a copy of this Order (via First-Class Mail) on Lego Demolition, LLC, c/o Mitch Stevenson (Registered Agent), 8662 Hampton Bay Place, Mason, Ohio 45040 and on Defendant Stevenson personally at the same address.

**IT IS SO ORDERED**.

Dated:  May 25, 2016           S/Susan J. Dlott_____
                               Judge Susan J. Dlott
                               United States District Court