

# United States District Court
## Southern District of Ohio
www.ohsd.uscourts.gov

Richard W. Nagel, Clerk of Court

| Potter Stewart U.S. Courthouse | Joseph P. Kinneary U.S. Courthouse | Walter H. Rice Federal Building and U.S. Courthouse |
|---|---|---|
| 100 East Fifth Street<br>Cincinnati, OH 45202<br>513-564-7500 | 85 Marconi Boulevard<br>Columbus, OH 43215<br>614-719-3000 | 200 West Second Street<br>Dayton, OH 45402<br>937-512-1400 |

August 23, 2021

William Douglas Haman, Esq.
Law Office of Douglas Haman
P.O. Box 14328
1821 Walker St.
Cincinnati, Ohio 45202

Lego Demolition, LLC
c/o Mitch Stevenson (Registered Agent)
8662 Hampton Bay Pl.
Mason, OH 45040

Mitch Stevenson
8662 Hampton Bay Pl.
Mason, OH 45040

In re: *CSX Transportation, Inc. v. Lego Demolition, LLC & Mitch G. Stevenson*
     Case No.: 1:14-CV-00979

Dear Attorney William D. Haman, Lego Demolition and Mr. Mitch Stevenson:

     I have been contacted by Judge Susan Dlott who presided over the above-mentioned case.

     Judge Dlott informed me that it has been brought to her attention that while she presided over the case, she owned stock in CSX Transportation, Inc. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have

required recusal under the Code of Conduct for United States Judges, and thus, Judge Dlott directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties that facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge, and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Dlott's disclosure of a conflict in this case. Should you wish to respond, please submit a response on or before September 10, 2021. Any response will be considered by another judge of this court without the participation of Judge Dlott.

Sincerely,

Richard W. Nagel
Clerk of Court